Smith, J.
We are of the opinion that the judgment of the court of common pleas, giving to the defendant in error the full amount of the principal and interest of the note sued on, with costs, was correct and should be affirmed.
Clearly the instrument was one on which the maker was entitled to days of grace. It therefore did not become due and payable until their expiration. The holder, until that time, could not maintain an action upon it, nor could the maker, as a matter of right, pay the same before the maturity thereof. Of course, by agreement of the parties, payment might be made at any time after its execution. But in this case, there is no pretense that there was any actual consent on the part of the holder of the note to receive payment before the full maturity thereof.
The claim is made, however, that because the note in question by its terms was made payable at the Blanchester Bank, of which the plaintiff in error, Smith, the maker of the note, was the sole proprietor, (he doing a banking business in that name), that the bank, viz: Smith, himself, was authorized, as he did do, to set aside a sufficient sum to meet the principal of the note, and interest up to the first day of grace, and direct his cashier to pay that sum for the note if it should be presented for payment, (which presentment, however, was not made until full maturity thereof), and by a subsequent tender of that amount, before suit brought, followed by the bringing of the money ■ into court, he can escape further interest and the costs of suit. And this on the ground .that the Blanchester Bank, that is, Smith, himself, was the agent of the holder of the note, and could in this way, prevent the further accumulation of interest against himself.
Savage & Smith, for Plaintiff in Error.
Mills & Clevenger, for Defendant in Error.
In this case, it must be noted that the instrument in question never was in the Blanchester Bank' for collection, and was not,in fact,in the possession of Smith or of the bank for any purpose. Oan it be possible that by simply making a note payable at a particular place, as at a bank, that such bank, without having the possession thereof, can legally receive payment thereof, either before or after the maturity thereof, or make any arrangement in regard thereto, which will change the legal rights of the holder? We know of no such principle of law, and if there were, it might lead to most disastrous results. In such case, if the note is in the possession of the bank, there would be an implied power to receive payment thereof when due. If it is not, the maker after its maturity, may offer to take it up, and if he has the money there to do it, may thus absolve himself from liability to pay further interest, and if other proper steps are taken by him, to be free from further' damages or costs, if suit be-brought upon the instrument. But surely, if the bank does not hold the note for collection,it has no right to receive payment of it, in whole or in part, for in such case it was never authorized to do this. The holder is not bound to leave it there for collection. He may have reason to fear the insolvency of the bank, and to exercise his undoubted right to receive the money himself.
2nd. The plea of tender in this ease, is therefore not good, for the reasons stated, viz: that the proper amount was not tendered, and for the additional reason that the money has not been brought into court as the statute requires. The deposit with the clerk of a certificate of deposit, issued for the amount by the Blanchester Bank to the order of the clerk, is not a deposit of money.
The original controversy being in regard to 33' cents, the interest on the principal sum for three day,and there being; in our opinion, no reasonable ground for the prosecution of the proceeding in error, the judgment of the common pleas will be affirmed,with costs and the statutory penalty.